United States District Court
Southern District of Texas

**ENTERED**

November 19, 2015

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE MARTIN RODRIGUEZ, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-0927 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his 1996 conviction and life sentence for murder. Respondent filed a motion to dismiss based on expiration of limitations (Docket Entry No. 9), to which petitioner filed a response (Docket Entry No. 20).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DISMISSES** this lawsuit for the reasons that follow.

## I.  PROCEDURAL BACKGROUND

Petitioner was convicted of murder on July 24, 1996, and sentenced to life imprisonment. Petitioner was also convicted of attempted murder and sentenced to twenty years incarceration on that same date, but respondent informs the Court that petitioner has discharged that sentence and is no longer in custody for purposes of that conviction.

The murder conviction was affirmed in an unpublished opinion on March 18, 1999. *Rodriguez v. State*, No. 01-96-00926-CR (Tex. App. –Houston [1st Dist.] 1999, no pet.). Petitioner did not pursue discretionary review. His application for state habeas relief, filed in November 2001, was denied by the Texas Court of Criminal Appeals on February 13, 2002. Petitioner's second application for state habeas relief, filed in 2014, was dismissed by the Texas Court of Criminal Appeals on March 18, 2015, as an abuse of the writ.

Petitioner filed the instant petition for federal habeas relief on April 6, 2015, raising the following claims for habeas relief:

(1)   His arrest at age fifteen and life sentence at age eighteen were cruel and unusual punishment.

(2)   Trial counsel was ineffective in

(a)   failing to investigate an accomplice witness; and

(b)   failing to object to admission of a video.

(3)   His confession was signed under duress and denied him due process.

Respondent argues that these claims are barred by the applicable one-year statute of limitations and should be dismissed.

## II.  ANALYSIS

Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

The record shows that petitioner's murder conviction was affirmed on March 18, 1999, and that he did not pursue discretionary review. Thus, his conviction became final for purposes of the AEDPA limitation thirty days later, on or about April 18, 1999. Absent any tolling, the one-year limitations period for filing a federal petition expired on or about April 18, 2000. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).

Under AEDPA, the time during which a properly filed application for state post-conviction or other collateral review is pending does not count toward any period of limitation. 28 U.S.C. § 2244(d)(2). However, petitioner filed his state habeas application in November 2001, *after* expiration of the one-year limitation, and the application did not toll limitations. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (stating that a state habeas writ application filed after the expiration of limitations has no tolling effect). Absent application of any other provisions, the instant federal habeas petition is barred by limitations.

In his response to the motion to dismiss, petitioner argues that his claims are not barred, as they are governed by the United States Supreme Court's recent decision in *Miller v. Alabama*, 567 U.S. ____, 132 S. Ct. 2455 (2012). In *Miller*, the Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders. However, *Miller* has no factual application to petitioner's case, as he was not sentenced to life imprisonment without the possibility of parole. Indeed, records provided by respondent show that petitioner will be eligible for parole on March 23, 2024. (Docket Entry No. 9, Exhibit A.)

The record shows that petitioner's federal habeas grounds are barred by limitations and must be dismissed with prejudice. In the alternative, petitioner's claim under *Miller* is without merit.

## III.  CONCLUSION

Respondent's motion to dismiss (Docket Entry No. 9) is **GRANTED** and this lawsuit

is **DISMISSED WITH PREJUDICE**.  A certificate of appealability is **DENIED**.  Any and

all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on _____ **NOV 1 7 2015** _____ .

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

5